IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Keenan Quinn

v. | Civil No.

4: CV 18 014

Allenwood L.S.C.I Warden,
Weber, Ball, DiMicco, Ubbens, et. al

_____x

A BIVEN'S ACTION

COMES, Plaintiff, Keenan Quinn, acting pro se, and files this Complaint with this Court stating and pleading:

BACKGROUND

Plaintiff is an inmate under the custody of the Federal Bureau of Prisons, living at Allenwood Low Security Correctional Institution at White Deer, PA, for the last 2.5 years.

Plaintiff hereby states that on June 2015, while playing basketball at Allenwood LSCI's yard, his pinky finger of the right hand was dislocated.

The ~~softball~~ basketball game was authorized by the Allenwood LSCI Staff.

Plaintiff went immediately to Allenwood LSCI's Health Services Department.

Plaintiff continued to keep his appointments with Health Services as demonstrated in his exhibits (Nos. 6 to 13 ).

Allenwood LSCI's Health Services staff (individually named later), along with the Bureau of Prisons failed to perform adequately and with intentional

1

disregard for Plaintiff's pain and suffering and did not follow reccommended procedures to deal with Plaintiff's dislocated finger, thus causing a permanent disfiguration on Plaintiff's finger and hand.

If the Health Services staff (individually named later) would have followed the established medical procedures, said disfigurment would have not existed and his finger would have been healed appropriately.

The Medical Department at LSCI Allenwood Low acted negligently in handling this medical procedure in proper form, and due to that my right pinky finger is deformed for an uncertain amount of time. The risk of my right pinky finger having no mobility is now higher due to LSCI Allenwood's improper and negligent handling of the medical issue.

Although a splint and buddy tape was supplied to inmate, the inmate is very much a layman in medical treatment. That in itself shows a great deal of negligence on the part of the medical department at Allenwood. After several encounters at Allenwood's Health Services, they could provide no answer for inmate's injury and at that point it was deemed that on January 4, 2016 by Dr. Ball that inmate needed to be evaluated by an outside orthropedic surgeon Dr. Steven Goldberg. Due to the yearlong neglect and misdiagnosis, the inmate would have had a better diagnosis at recoevery from the Orthropedic Surgeon. Allenwood suggests that a year-long delay is proper and timely medical care for inmate's now deformed right pinky finger. The orthropedic surgeon gave a recommendation that inmate goes through a medical procedure called "fusion" if the finger remains painful with movement. Inmate has showed Allenwood's medical services have misdiagnosed, shown reckless negligence, and also have failed at their medical duties for not properly and timely administering proper health care.

On May 9, 2016 inmate was transported to hand surgeon Steven Goldberg at Geisinger Medical Center. At this consultation inmate was informed of

two options of treatment which were serial casting or surgical release. Unfortunately, due to the misdiagnosis as well as the time that has elapsed, those options could very well lead to present and permanent damage. Not only that, but this injury could also and currently has left inmate with a psychological affect due to the misdiagnosis and lack of treatment of this injury during the initial stages.

Due to the initial misdiagnosis of Dr. Ubbens, Dr. Weber, Dr. Ball, Dr. Dimicco, Dr. Steven Goldberg and the Williamsport Regional Staff, the inmate has suffered irreversible damage to his right pinky finger. Because of a delay in medical procedures that took up to 1 year to put possible remedies into practice, the inmate now faces the possibility of his right pinky finger being deformed permanently.

## ADMINISTRATIVE REMEDIES

Plaintiff has complied with all and every one of his available Administrative Remedies:

1) BP-8 Informal Resolution (filed 6/1/16)
   Denied (Exhibit 1)

2) BP-9 (filed 6/29/16)
   Denied (Exhibit 2)

3) BP-10 (filed 9/13/16)
   Denied (Exhibit 3)

4) BP-11 (filed 9/28/16)
   Denied (Exhibit 4)

5) Tort Claim (filed 2/6/17)
   Denied 7/17/17 (Exhibit 5)

## DEFENDANTS

1) Catherine Gore FNP/BC

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT __6__ )

2) Steven H. Goldberg MD (Physician)

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT __7__ )

3) Dr. Jay Miller MD

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT __8__ )

4) Mark Ubbens RN

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery

to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT  9  )

5) Elaine DiMicco PA-C

Individually, or as employed contractor for the Allenwood Low Security Corectional Institution and/or the Federal Bureau of Prisons, with deliberate indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT  10 )

6.) Dr. Ball MD

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate indiffernce disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. See EXHIBIT  11)

7) Beth Byers LPN

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT  12 )

8) Leonard Weber PA-C

Individually, or as employed contractor for the Allenwood Low Security Correctional Institution and/or the Federal Bureau of Prisons, with deliberate

6

indifference disregarded the established medical protocol toward Plaintiff, causing irreparable damage to Plaintiff by not following recommended surgery to his finger or by omission for not following up with recommendation to advise surgery to Plaintiff. (See EXHIBIT  13 )

9) Kathy P. Lane, Warden of Allenwood L.S.C.I

Individually or as employee/contractor of the FBOP by herself or her employees under her supervision, caused by action or omission the above mentioned damages to Plaintiff using deliberate indifference to Plaintiff's pain and discomfort. (See EXHIBIT  14 )

10) Federal Bureau of Prisons, A U.S. Government executive office under the Federal Department of Justice, for being deliberately indifferent by its policies regarding Plaintiff's pain and discomfort resulting in the damages reported above and below. (See EXHIBIT  15 )

11) U.S.A as allowing it's Department of Justice and Federal Bureau of Prisons officials to perform with deliberate indifference toward Plaintiff and being the ultimate source of respondent toward Plaintiff. (See EXHIBIT  16 )

All of the defendants were acting under color of federal law and intentionally disregarded physicians' recommendations for surgery with intentional indifference.

## ARGUMENT

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05; see also Monmouth Cnty. Corr. v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987)(deliberate indifference can be shown when medical treatment is delayed for non-medical reasons). See also, Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016).

As the Third Circuit Court of Appeals recently explained:

[i]n the Eighth Amendment context, "deliberate indifference" is a subjective standard of liability consistent with recklessness as that term is defined in criminal law. A prison official is deliberately indifferent if the official knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. A plaintiff may demonstrate deliberate indifference by showing that the risk of harm was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past such that the defendants must have known about the risk. But the plaintiff must show that the officials were aware of facts from which the inference could be drawn that a substantial risk of harm exists, and that they also drew the inference. It is not merelyenough to find that a reasonable person would have known, or that the defendant should have known. Id. at 335 (internal citations omitted).

A plaintiff cannot succeed on a medical-needs claim where he merely disagrees

with the medical treatment provided or where his allegedly inadequate treatment was "a result of an error in medical judgment." Id. at 337 (discussing Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) and Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)). Rather, a medical-needs claim is actionable only where the plaintiff can show that "the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or 3) prevents a prisoner from receiving needed or recommended medical treatment." Id. (citing Rouse, 182 F.3d at 197.)

Deliberate indifference can be shown by a prison offical "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. With respect to medical decisions, however, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll,991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains in a question of sound professional judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)(internal alterations, quotation marks omitted). "[M]ere disagreements as to the proper medical treatment" is insufficient to state a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)(citation and internal quotation marks omitted). "We disagree with the District Court's conclusion that Dr. Bushman is entitled to summary judgment under the standards set out for actions based on deficient medical care in prison settings. The Eighth Amendment requires that prisoners receive access to basic medical treatment. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). But "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990)(quoting Estelle v. Gamble, 429 U.S. 97, 103 97 S.Ct. 285, 50 L.ed.2d 251, (1976)).

9

Medical malpractice allegations are insufficient to establish a constitutional violation. See Id. (citing Estelle, 429 U.S. at 106). "When a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Co., 599 F.3d 573, 575 n.2 (3d Cir. 1979)(citing Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

A prison official acts with deliberate indifference to a prisoner's medical needs only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct 1970, 128 L.Ed.2d 811 (1994). That is the equivalent of recklessness. Id. at 836-37. "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. We also have found 'deliberate indifference' to exist where the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" Rouse, 182 F.3d at 197 (citations omitted); see also Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(prison officals may not choose an easier or less-efficacious treatment without regard to a prisoner's serious medical needs). Wall v. Bushman, et.al (3d Cir. 2015), 639 Fed Appx 92.

In the present case, the defendants showed deliberate indifference toward plaintiff by not following the recommendations of an orthopedic surgeon Steven Goldberg. The defendant's misdiagnosed and did not follow on plaintiff's injuries just requiring him to take pain killers and using a splint on his finger. Because of these deliberate indifference toward his injury, the finger became deformed and useless.

The attached exhibits of Plaintiff's medical files are proof of the performance of each defendant in showing deliberate indifference toward Plaintiff.

The 8th Amendment to the United States Constitution establishes the right of an inmate to adequate medical care (Estelle v. Gamble, 429 US 97). A Bivens Claim is based on the Federal sphere as a counterpart for a §1983 action. Bivens can be brought when:

1) A deprivation of a right secured by the Constitution and laws of the United States; and
2) The deprivation of the right was caused by a person acting under color of federal law. (See Cauden v. Duffy, F3d 483 446);

A "serious medical need includes those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity of a doctor's attention, resulting in a lifelong handicap or permanent loss." Johnson v. Stempler, 373 F.Appx 151 (3d Cir. 2010).

The Plaintiff must show "that the defendant was subjectively aware of the unmet serious medical need and failed reasonably to respond to that need." Farmer, 511 US 837; Natale v. Camden Cty., 318 F3d 575 (3d Cir. 2003); Deliberate indifference may be found where prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; 2) Intentionally delays necessary medical treatment based on a non-medical reason; Pierce, Petkins 520 F.Appx 64 (3d Cir. 2013)

## PLEAD

Plaintiff pleads to the Court to: 1) Accept this complaint; 2) Decide in favor of Plaintiff; and 3) Set the damages of Plaintiff at $100,000.00 to be paid by defendants.

Respectfully submitted this 28TH day of December, 2017

*Keenan D. Quinn*
Keenan Quinn

11



MR. KEENAN D. QUINN 64470-066
FEDERAL CORRECTIONAL COMPLEX - ALLENWOOD LOW
P.O. BOX 1000
WHITE DEER, PA. 17887

RECEIVED
WILLIAMSPORT
JAN 02 2018

Retail
US POSTAGE PAID
$0.00
1005
Origin: 17887
Destination: 17701
0 Lb 7.90 Oz
Dec 29, 17
4192000687-08

USPS FIRST-CLASS PKG SVC-RTL
C002

USPS TRACKING NUMBER
9500 1135 2176 7363 0864 01

first class

⟨⟩64470-066⟨⟩
Herman Schneebli Federal
Federal Building
240 West Third St. Suite 218
Herman T. Schneebli
Williamsport, PA 17701-6412
United States

USMS X

Low Security Correctional Institution
Allenwood, PA 17887
Date  12-29-17
The enclosed letter was processed through
special mailing procedures for forwarding
you. The letter has neither been opened nor
inspected. If the writer raises a question or
problem over which this facility has
jurisdiction, you may wish to return the
material for further information or clarification
If the writer encloses correspondence for
forwarding to another addressee, please return
enclosure to the box.